IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James K. Owens, :

        Plaintiff : Civil Action 2:11-cv-267

v. : Judge Graham

Commissioner of Social Security, : Magistrate Judge Abel

        Defendant :

**OPINION AND ORDER**

On March 29, 2011, Plaintiff James K. Owens filed this action pursuant to 42 U.S.C. §423 for review of a final decision of the Commissioner of Social Security denying his application for supplemental security benefits. On December 6, 2011, the Magistrate Judge issued a Report and Recommendation that the decision of the Commissioner of Social Security be affirmed. This matter is now before the Court pursuant to Plaintiff's objections (Doc. 14).

Plaintiff raises two objections to the Report and Recommendation. The first is that the Magistrate Judge improperly found that it was not error for the administrative law judge ("ALJ") to refuse to give controlling weight to the medical opinions of Plaintiff's treating physician, Dr. Beyer. The second is that the Magistrate Judge improperly found that substantial evidence existed to support the ALJ's credibility determination.

1

Dr. Beyer's opinions. Dr. Beyer had treated Plaintiff from at least 2002 up until his application for benefits. The extant record demonstrates that Plaintiff visited Dr. Beyer at least seventy times between 2002 and 2008. However, Dr. Beyer's treatment records consisted largely of a terse register of Plaintiff's pain medication prescriptions, interspersed with occasional notes that Plaintiff's "paraspinal muscles all firm". *See* R. 457-73. Dr. Beyer filled out four form physical capacity evaulations prior to Plaintiff's hearing. (R. 416-18, 444-45, 454-56, 478-80.) In these he made specific assertions as to, *e.g.*, Plaintiff's inability to sit for more than two hours in a work day or to work for more than two days per week. He did not address how his medical records or findings supported these limitations, and left questions requesting such explanations blank.

Plaintiff argues specifically that the Magistrate Judge ignored Plaintiff's long-time treating relationship with Dr. Beyer, that he failed to note "the considerable amount of objective evidence that supports a finding not only that Mr. Owens suffers from severe impairments, but also that these impairments are extremely limiting", and that he incorrectly found that Dr. Beyer's records did not support his stated opinions. The first of these arguments is not well taken; the Magistrate Judge specifically mentioned the duration of the treating relationship here and cited relevant caselaw holding that there is a rebuttable presumption that a treating physician's opinion is entitled to great deference. (Doc. 13 at 15-16.)

As to the other two, the Magistrate Judge correctly noted that a "finding... that Mr. Owens suffers from severe impairments" is not in question; the ALJ

2

specifically found that Plaintiff suffered from severe impairments. The only question is the extent of the limitations resulting from those impairments:

> As the Commissioner points out, however, evidence supporting a diagnosis of severe impairment is not the same thing as evidence supporting physical and vocational limitations said to be *caused* by that impairment. The ALJ determined that Plaintiff's spinal stenosis was a severe impairment. The limits put forth in Dr. Beyer's repeated form functional capacity assessments, however, were not supported by Dr. Beyer's own records – which consisted largely of a transcript of Plaintiff's medication refills – or by evidence from Plaintiff's repeated hospitalizations or other examinations that Plaintiff's severe impairment did, in fact, render him unable to walk reliably or sit for more than 45 minutes at a time. The ALJ cited to numerous hospital records postdating Plaintiff's 2004 surgeries which referred only to mild or moderate cervical degeneration, and which described normal range of motion and ability to ambulate. Despite his treating relationship, the opinions Dr. Beyer expressed did not have sufficient evidence to support their severity, and it was not error for the ALJ to refuse to give them controlling weight.

(Doc. 13 at 16-17.) The objective evidence Plaintiff cites in his Objections again supports the uncontroverted conclusion that he suffers from severe impairments. However, the medical evidence in Dr. Beyer's treatment records supporting his extensive physical capacity reports is essentially limited to occasional mentions of Plaintiff's "firm" or "hard" paraspinal muscles. As the ALJ correctly pointed out, this is not enough to provide support for Dr. Beyer's specific findings:

> The opinion expressed by Dr. Beyer in regards to the claimant's degree of functional limitation and employability is accorded no weight because Dr. Beyer did not reference specific medical findings within the record and/or explain how those medical findings supported the opinion expressed on a function by function basis as to the severity of the claimant's impairments. Dr. Beyer references the presence of pain and spasms but provides no diagnostic or clinical support evidencing marked or extreme neurological deficits or loss of muscle strength, range of motion, sensation, or reflexes.

(R. 16.) Accordingly, the ALJ did not err in concluding that there was an inadequate basis to give Dr. Beyer's residual functional capacity opinions controlling weight, and in instead determining that Plaintiff was still capable of performing a range of light and sedentary work.

**Credibility determination**. The ALJ found Plaintiff's credibility limited both because the objective medical record did not support his claims as to the severity of his pain and other symptoms, and because the activities of daily living to which he testified were inconsistent with an "individual alleging the type of severe, disabling pain and symptomatology the claimant alleges." (R. 15.) The Magistrate Judge found that substantial evidence existed to support the ALJ's credibility determination. On objection, Plaintiff states:

> The ALJ noted that Mr. Owens testified and/or reported that he was able to cook simple meals, wash dishes, grocery shop for himself, fold laundry and place it in and take it out of the machine, make his bed, clean his room, dust, and watch his friends' children including feeding and dressing them. Mr. Owens was able to independently bathe and dress himself and attend to his own personal hygiene. The ALJ cites Mr. Owens' testimony and Exhibits 2E, 6E, 7E, 12E, and 21F to support his statement. However, review of these exhibits reveals no support for the ALJ's contentions. [...] Furthermore, there is no evidence to support the other activities the ALJ claimed Mr. Owens was capable of doing. This clearly shows that the ALJ did not fully and properly consider the record.

(Doc. 14 at 3-4.)

The cited exhibits do, however, support the ALJ's contentions. Exhibit 2E is a disability report, in which Plaintiff stated that he could fold laundry and perform sedentary work in the kitchen. (R. 179.) Exhibit 6E is Plaintiff's own functional

4

report, in which he stated that he helped take care of three small children, went to the store, and did laundry. (R. 194.) Exhibit 7E is a third party functional report completed by Plaintiff's brother-in-law, who stated that Plaintiff could prepare simple microwaved meals and do laundry. (R. 203.) Exhibit 12E is another functional report, in which Plaintiff stated that he could prepare simple microwaved meals and fold laundry. (R. 227-28.) Exhibit 21F is a July 7, 2009 behavioral health evaluation, in which Plaintiff reported that he helped take care of three young children, and that he could undertake daily chores and errands unless he was having difficulty concentrating. (R. 549.)

Plaintiff has specifically alleged that his medication causes drowsiness severe enough to render him unable to work. The ALJ found that these claims were not supported by evidence in Plaintiff's treating records of complaints about excessive drowsiness or attempts to remedy this problem. The testifying medical expert, Dr. Gatens, stated at the hearing that some of Plaintiff's medications, including Percocet and nortriptyline, "could all cause some tiredness... and trouble concentrating." (R. 79.) When asked whether Plaintiff's testimony that he required lengthy daily naps was reasonable considering his medications, Dr. Gatens testified that "it depends on how he's taking them. I mean, he could adjust that by cutting down Percocet during the day." (*Id.*) Plaintiff argues here that Dr. Gatens thus agreed that the drowsiness Plaintiff claimed was reasonable for his prescribed medication, and that the ALJ would have faulted him for failing to take the proper dose. However, as the Magistrate Judge found, "Plaintiff's extensive treatment

5

records are again devoid of complaints as to drowsiness so substantial as to require extensive naps during the day, and such allegations are thus essentially based on his own testimony, which the ALJ otherwise found exaggerated." (Doc. 13 at 20.) Where the ALJ had a reasonable basis to determine that Plaintiff's credibility was otherwise impugned, Dr. Gatens' testimony that Plaintiff's medication could cause the drowsiness he reported did not require the ALJ to accept Plaintiff's claims as to the severity and disabling effects of that drowsiness.

As the Magistrate Judge correctly found, the ALJ did not substantively misrepresent Plaintiff's testimony, whether or not he cast it in an unfavorable light. Substantial evidence existed to support the ALJ's findings and inferences reasonably drawn from the record. Accordingly, the ALJ did not err in his credibility determination.

For the foregoing reasons, and upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Report and Recommendation of the Magistrate Judge is **ADOPTED**. The decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter judgment for the Defendant. It is hereby **ORDERED** that this matter be **DISMISSED**.

Date: March 14, 2012                    s/James L. Graham
                                                 James L. Graham
                                                 United States District Judge